### ALLEGAR v. AMERICAN CAR & FOUNDRY CO.

(District Court, M. D. Pennsylvania. August 21, 1912.)

No. 288.

MASTER AND SERVANT (§ 92*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—MEDICAL TREATMENT OF INJURED EMPLOYÉ.

> An employer, who from motives of charity had an injured employé taken to a public hospital for treatment, cannot be held liable for the negligence of the physician or surgeon who treated him, and who is not shown to have been selected by the employer.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 143; Dec. Dig. § 92.*]

At Law. Action by David Allegar against the American Car & Foundry Company. On motion by plaintiff for new trial. Motion denied.

Paul J. Sherwood, of Wilkes-Barre, Pa., for plaintiff.
Sprout & Cupp, of Williamsport, Pa., for defendant.

WITMER, District Judge. The plaintiff's leg was broken on August 20, 1911, about 3. o'clock in the morning, while engaged at work at the defendant's works, at Berwick. The defendant's employés, immediately after the accident, took the plaintiff to the company's emergency hospital, and from thence to the public hospital of Berwick, for medical and surgical aid. The plaintiff says that he protested against being so taken, and requested to be carried to his home, a quarter of a mile away, and there have the services of his own physician, living some 9 or 12 miles distant. His limb was set and treated at the public hospital by a physician, and, after remaining there a short time, he was taken to his home. The limb at present shows some deformity and occasions suffering.

It appears that whatever was done at the time the plaintiff was taken to the public hospital was prompted by the purest motives of charity, and intended for the plaintiff's own comfort and personal benefit. It has not been made to appear that there was negligence in the selection of the place and the means for treatment of the plaintiff. Nor is negligence to be inferred from the present condition of the plaintiff's leg. This may have resulted from the physician's negligence, even though due care was exercised in his selection. That it was the lack of due care in the employment of a prudent physician, occasioning the suffering, was not made to appear. Even where it is shown that an employer undertakes, as a pure matter of charity, to furnish medical treatment to sick or injured employés, due care need only be exercised in the employment of a prudent physician. The employer is not liable beyond this for the negligence of the physician employed. Then, again, there is no evidence warranting the jury in finding that the plaintiff was treated by the doctor in charge at the public hospital at the request or by consent of the defendant.

Too much has been left for inference. Where the charge of negligence is relied on for recovery, as in this case, it must be clearly shown that the one called upon to answer has been at fault. In this the plaintiff has failed, and the motion for new trial is denied. An exception is here noted for the plaintiff.